**Affirmed as Modified, and Memorandum Opinion filed August 9, 2022.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-20-00855-CV**

---

**KIM JOSEPH, Appellant**

**V.**

**AMBER JOSEPH, Appellee**

---

**On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2020-48283**

---

## MEMORANDUM OPINION

Appellant Kim Joseph (Father) challenges the trial court's two-year protective order restricting his access to Amber Joseph (Mother) and their child (Daughter) and prohibiting contact with Mother's other child (Son). Father contends (1) the trial court's findings that he committed family violence and family violence is likely to occur in the future are not supported by legally sufficient evidence, and (2) he was deprived of due process when the trial court failed to conduct an evidentiary hearing. Concluding that the trial court's family violence

findings are not supported by legally sufficient evidence but the trial court was authorized by statute to render an agreed protective order, and concluding that Father waived his due process challenge, we strike the trial court's family violence findings and affirm as modified.

## *Background*

Mother and Father were married and lived with Daughter and Son.[1] Mother declared that Father assaulted Son. Mother took the children to a safe location for the night and returned the next day when Father was away from home. An emergency protective order was granted that day, and Father was charged with "Assault Family Member Impeding Breath." Mother also declared that Father, among other things, threatened, stalked, pushed, scratched, and slapped her, and he took Daughter and threatened not to give Daughter back.

Mother applied for a protective order against Father under chapter 85 of the Family Code. The trial court signed a temporary protective order and show cause order directing Father to appear via Zoom to show cause why the court should not issue a protective order. During the hearing, Father appeared with counsel and signed an agreed protective order. The protective order states that Father "denies, and does not admit to any of the allegations contained in [Mother's] Declaration . . . , however, agrees to comply with this order."

Father subsequently filed a motion for review and reconsideration of the protective order and thereafter a motion to vacate the protective order. The trial court held a hearing and denied the motion to vacate. The motion for reconsideration was denied by operation of law. Father filed a timely notice of

---

[1] Mother submitted a declaration in support of her application for protective order. As discussed, the trial court did not hold an evidentiary hearing. The declaration thus was not admitted at the hearing. We rely on the declaration only to discuss the background.

appeal.[2]

### *Discussion*

In two issues, Father (1) challenges the legal sufficiency of the evidence in support of the trial court's findings that he committed family violence and family violence is likely to occur in the future, and (2) contends that he was denied due process when the trial court failed to conduct an evidentiary hearing.

### I.    Sufficiency Challenge

In his first issue, Father challenges the protective order on the basis that the trial court's family violence findings are not supported by sufficient evidence. When the trial court acts as a factfinder, we generally review its findings under legal and factual sufficiency standards. *In re Doe*, 19 S.W.3d 249, 253 (Tex. 2000); *Jovel v. Blanco*, No. 14-20-00638-CV, 2022 WL 220251, at *2 (Tex. App.—Houston [14th Dist.] Jan. 25, 2022, no pet.) (mem. op.). In this case, Father has only challenged the legal sufficiency of the evidence to support the trial court's family violence findings.

When reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We must credit favorable evidence if a reasonable factfinder

---

[2] Family-violence protective orders that dispose of all issues and parties are final and appealable. *Ulmer v. Ulmer*, 130 S.W.3d 294, 296 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (en banc). Father asked in his motion for reconsideration for a full evidentiary review; in other words, he moved for a new trial, which extended the appellate timetables, so the notice of appeal was timely. *See* Tex. R. App. P. 26.1 (requiring notice of appeal to be filed within 90 days after judgment signed if motion for new trial is filed), 26.3 (allowing 15-day extension); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing predecessor to rule 26 and holding a motion for extension of time is implied when appellant files a notice of appeal beyond the time allowed by rule 26.1 but within the 15-day grace period provided by rule 26.3 for filing a motion for extension of time).

could and disregard contrary evidence unless a reasonable factfinder could not. *Id.* at 827. We must determine whether the evidence at trial would enable reasonable and fair-minded people to find the facts at issue. *Id.* The factfinder is the only judge of witness credibility and the weight to give to testimony. *Id.* at 819.

A court shall render a protective order if the court finds that family violence has occurred and is likely to occur in the future. Tex. Fam. Code § 85.001(a), (b). However, the parties to a proceeding may agree in writing to a protective order, subject to approval by the court. *Id.* § 85.005(a). An agreed protective order is enforceable civilly or criminally. *Id.* § 85.005(b). Section 85.005 was amended in 2005 to ensure that agreed protective orders are "enforceable civilly or criminally" without the necessity of family violence findings from the trial court.[3] *See* H.R. Comm. on Juvenile Justice & Family Issues, Bill Analysis at 2, H.B. 1059, 79th Leg., R.S. (2005) ("The substitute differs from the original bill in that it would not require a court to render a finding of family violence before approving an agreed protective order.").

Father appeared at the hearing with his attorney and answered affirmatively in response to the trial court's question, "[D]o you have an agreement with the district attorney's office regarding this protective order?" The trial court found that Father "does not admit to the allegations in [Mother's] affidavit, however he does agree to comply with the terms of the order." Father also signed the agreed protective order. Accordingly, the trial court was authorized by statute to render the protective order. *See* Tex. Fam. Code § 85.005(b). However, the trial court made family violence findings without holding an evidentiary hearing. Since no

---

[3] The statute was amended again after the trial court rendered the protective order in this case. The latest amendment adds language to further clarify that a trial court is not required to make family violence findings under section 85.001 in an agreed protective order. Act of May 28, 2021, 87th Leg., R.S., ch. 787, § 1, 2021 Tex. Sess. Law Serv. 1 (codified at Tex. Fam. Code § 85.005(b)).

evidence was presented at the hearing, the trial court's family violence findings are not supported by legally sufficient evidence.

Because the trial court's protective order was authorized by statute but the family violence findings are not supported by legally sufficient evidence, we conclude the trial court erred in rendering the family violence findings. The proper remedy is to strike the family violence findings and affirm as modified. *See Yang v. Cao*, 629 S.W.3d 666, 672 (Tex. App.—Houston [1st Dist.] 2021, no pet.) ("[W]hen an affirmative finding has been improperly entered in the judgment, appellate courts may reform the judgment by deleting the finding."); *cf. In re M.P.*, 639 S.W.3d 700, 704 (Tex. 2022) (striking trial court's parental termination endangerment findings that were not supported by factually sufficient evidence). We accordingly sustain Father's first issue in part, as to his challenge to the trial court's family violence findings.

## II.     Due Process Challenge

In his second issue, Father contends that he was deprived of due process because the trial court did not hold an evidentiary hearing. To succeed on this constitutional challenge, Father was required to preserve error in the trial court. *See* Tex. R. App. P. 33.1(a); *J.A.T. v. C.S.T.*, 641 S.W.3d 596, 618–19 (Tex. App.—Houston [14th Dist.] 2022, pet. filed) (citing *In re L.M.I.*, 119 S.W.3d 707, 710–11 (Tex. 2003) (holding that to preserve a due process challenge for appellate review, party must present the complaint to trial court by timely request, motion, or objection, state specific grounds therefore, and obtain ruling)). But Father did not raise this issue below in any of the pretrial proceedings, during the protective order hearing, in either of his post-judgment motions, or during the post-judgment hearing on his motion to vacate. Because Father did not preserve error in the trial court on his due process complaint, we overrule his second issue.

*Conclusion*

Because the trial court's family violence findings are not supported by legally sufficient evidence, we strike those findings and affirm the judgment of the trial court as modified.[4] Tex. R. App. P. 43.2(b).

/s/    Frances Bourliot
         Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.

---

[4] We strike the following findings:

> For the limited purpose of enforcing this Order, the Court finds that family violence has occurred and that family violence is likely to occur again in the future, and that Respondent, KIM JOSEPH, has committed family violence. The Court finds there are reasonable grounds to believe the Applicant is a victim of STALKING by the Respondent, TCCP, Chapter 7A.